UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HUDSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-901-RLY-JMS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Christopher Hudson ("Hudson") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Hudson is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 06-05-0317, wherein he was found guilty of having violated prison rules of conduct by committing battery.

2. A conduct report was issued on May 14, 2006, reciting that during the afternoon of that date the reporting officer was approached by Hudson outdoors at the Pendleton Correctional Facility, an Indiana prison, that Hudson lowered his shoulder and ran into the reporting officer, then tried to start an argument with the officer.

3. After being supplied with a copy of the written charge and notified of his procedural rights on May 31, 2006, Hudson was found guilty at a hearing conducted on June 2, 2006, and was sanctioned. His administrative appeal was rejected, and this action followed.

4. In Hudson's petition, he alleges that his rights were violated because: 1) there was no immediate action taken to prove the alleged offense; 2) he was not able to call witnesses; 3) battery was not proven at his hearing; and 4) he was denied a hearing before an impartial decision-maker.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Hudson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Hudson received all the process to which he was entitled.

- The record shows that the charge was clear, that Hudson received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

- The evidence was constitutionally sufficient, consisting of the conduct report, which set forth certain details of Hudon's actions in approaching and then colliding with the reporting officer. This information satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Hudson's claims otherwise are unavailing here. He challenges the sufficiency of the evidence, pointing out that certain things did not occur in the incident which he claims would ordinarily be expected if the incident had occurred as described. This argument need not have persuaded the conduct board, however, because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill,* 472 U.S. at 457. Hudson also claims that he was deprived of the opportunity to present evidence, but he does not indicate what evidence was omitted and

did not request anyone by name other than Officer Stamper. The statement of Officer Stamper was provided, and together with the conduct report supplied ample evidence to support the conduct board's decision. Hudson's last claim is that he was not provided a fair and impartial hearing. This claim has been waived in not having been properly presented in his administrative appeal, but in any event is without merit here, because a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hudson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/27/07

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana