UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HUDSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | No. 1:07-cv-901-RLY-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Christopher Hudson ("Hudson") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Hudson is confined at Pendleton Correctional Facility. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-02-413, wherein he was found guilty of possession of a deadly weapon.

2. A conduct report was issued on February 26, 2007, reciting that, "while doing a routine cell search on offender Hudson, Christopher DOC #120501, I, Officer S. Waterman and Officer K. Fahl found a plastic shank approx 2 ½ inch long in offender Hudson's cabinet."

3. After being supplied with a copy of the written charge and notified of his procedural rights on February 28, 2007, Hudson was found guilty at a hearing conducted on March 5, 2007, and was sanctioned. His administrative appeal was rejected, and this action followed.

4. In Hudson's petition, he alleges that his rights were violated because: 1) the correctional officers should have followed procedure and searched his cell before he was placed in it; 2) there was no evidence to support the finding of possession of a deadly weapon; 3) he unknowingly had possession of unauthorized property that had been altered or modified from its intended use, and therefore, the charge should have been different; and 4) there was never a weapon or shank with which to charge Hudson.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Hudson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Hudson received all the process to which he was entitled.

- The record shows that the charge was clear, that Hudson received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

- The evidence was constitutionally sufficient, consisting of the conduct report, which set forth certain details of Hudon's actions in approaching and then colliding with the reporting officer. This information satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Hudson's claims otherwise are unavailing here. Hudson's first claim is that his due process rights were violated by the alleged failure of the correctional officers to search his cell before he was placed in it. The failure to adhere to prison guidelines is not itself a basis for awarding relief pursuant to 28 U.S.C. § 2254(a). *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); see also *Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

Hudson also challenges the sufficiency of the evidence in claims two, three and four, arguing that there was no evidence to support a finding of possession of a deadly weapon, that the charge should have been different, and that there was no weapon or shank with which to charge him. As to the sufficiency of the evidence, the conduct report is quite clear and plainly recites that the weapon was found inside the cabinet within Hudson's cell. Hudson admits that the weapon was found in his cell, but claims it was not his, even though he had occupied the cell for two days. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). A conduct report alone may suffice as "some evidence." *Id. See also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). The evidence in this case was sufficient to satisfy the requirements of due process. In addition, Hudson's fourth claim, that there was no weapon or shank with which to charge him has been waived in not having been properly presented in his administrative appeal.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hudson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/09/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana